UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS

THOMAS JAMES                                NO.: 15-00138-BAJ-RLB

### RULING AND ORDER

Before the Court is Defendant Thomas James' **Motion to Withdraw Guilty Plea (Doc. 277)**. The United States filed an opposition. (Doc. 280). For the following reasons, the **Motion to Withdraw Guilty Plea (Doc. 277)** is **DENIED**.

I. BACKGROUND

The Government indicted the Defendant and two others for allegedly attempting to cash $2 million in counterfeit checks at Walmart's across the country. (Doc. 13 at p. 3). The Government discovered this scheme when the police stopped a rental car that the Defendant, Walter Glenn, and Larry Walker were driving in Baton Rouge, Louisiana in September of 2014. (Doc. 130 at p. 2). Extensive litigation about whether the police unconstitutionally obtained evidence against the trio during the traffic stop ensued. (*See* Docs. 130, 162, 185). Ultimately, after two suppression hearings, (Docs. 117 and 184), two extensive rulings by the Court, (Docs. 130, 185), and an appeal to the United States Court of Appeals for the Fifth Circuit, (Doc. 162), the Court suppressed all evidence against Larry Walker, the evidence obtained from one of the Defendant's bags, and none of the evidence against Walter Glenn. (Docs.

1

130, 162, 185 at p. 15). The United States then dismissed its case against Larry Walker. (Doc. 160).

Then, on December 11, 2017, one day before the Defendant and Walter Glenn's trial was set to begin, Thomas James pleaded guilty to all counts. (Doc. 227). At the plea hearing, the Defendant confirmed under oath that no one promised him anything to cause him to plead guilty and that no one told him the actual sentence the Court would impose. (Doc. 281 at 30:5–19). He also testified that he was satisfied with his attorney and that he had enough time to meet with her to discuss the facts of his case. *Id.* at 30:20–31:2). After a four-day trial, a jury found Walter Glenn guilty on all counts. (Doc. 232).

Over four months later, on April 19, 2018, Defendant's attorney, Marci Blaize, notified the Court that she met with the Defendant, and he advised her that he intended to seek permission from the Court to "take back his plea agreement" and proceed to trial. (Doc. 263-1). The Defendant also expressed a desire to obtain new counsel because he alleged that she had misinformed and misled him in some way. *Id.* Given the potential conflict of interest, the Court ordered the Office of the Federal Public Defender to appoint the Defendant conflict counsel for the limited purpose of meeting with the Defendant and determining whether to file a motion to withdraw his plea agreement. (Doc. 264). On May 14, 2018, the Office of the Public Defender appointed Harry Daniels III as conflict counsel. (Doc. 271). Conflict Counsel then filed a Motion to Withdraw Defendant's Guilty Plea, (Doc. 277), and a letter from the

Defendant detailing his reasons for wanting to withdraw his guilty plea. (Doc. 275-3).

## II. DISCUSSION

A district court may permit a defendant to withdraw his guilty plea after acceptance of the plea but before sentence is imposed if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Courts consider seven factors in determining whether to permit a defendant to withdraw a guilty plea:

> (1) whether or not the defendant has asserted his innocence; (2) whether or not the government would suffer prejudice if the withdrawal motion were granted; (3) whether or not the defendant has delayed in filing his withdrawal motion; (4) whether or not the withdrawal would substantially inconvenience the court; (5) whether or not close assistance of counsel was available; (6) whether or not the original plea was knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources.

*United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984); *see also United States v. Wiggins*, 674 F. App'x 396, 401 (5th Cir. 2017).

"Although this illustrative list should be considered, the ultimate decision should be based on the 'totality of the circumstances.'" *United States v. McElhaney*, 469 F.3d 382, 385 (5th Cir. 2006) (quoting *Carr*, 740 F.2d at 344). Defendants are also not entitled to an evidentiary hearing on a motion to withdraw a guilty plea, but a hearing is required "when the defendant alleges sufficient facts which, if proven, would justify relief." *United States v. Mergist*, 738 F.2d 645, 648 (5th Cir. 1984) (internal quotations omitted). Considering the totality of the circumstances and the

3

*Carr* factors, the Court concludes that the Defendant has not made a sufficient showing to withdraw his guilty plea, or to even be entitled to an evidentiary hearing.

### A. Assertion of Innocence

The first factor, whether the Defendant asserted his innocence, weighs against the Defendant. Although the Defendant asserts that he is innocent, he does so in a conclusory fashion without any supporting evidence. (*See* Doc. 277-1 at p. 5). And "a defendant's assertion of actual innocence alone, without supporting evidence, is insufficient to warrant allowing withdrawal[.]" *See United States v. Harrison*, 777 F.3d 227, 235 (5th Cir. 2015).

### B. Prejudice to the Government

The second factor, whether the government would suffer prejudice if the Court allowed the Defendant to withdraw his plea, weighs slightly against the Defendant. Of course, the Government would expend additional resources to try the Defendant. Indeed, the Government called thirteen witnesses, including six witnesses from out of state during Glenn's trial. (Doc. 280 at p. 3). And the Government would undoubtedly call most if not all of these witnesses at Defendant's trial. But the Court places little weight on this factor because "the Government's generic assertion of prejudice, which can be put forward in almost any case, does not weigh heavily in its favor." *United States v. Herrod*, 595 F. App'x 402, 410 (5th Cir. 2015)

### C. Delay

The third factor, whether the Defendant delayed in filing his withdrawal motion, weighs against the Defendant. The Defendant provided no indication that

4

he wanted to withdraw his guilty plea until 119 days after he pleaded guilty, which is long after his co-defendant went to trial. (*See* Docs. 227, 263). This delay weighs heavily against granting the motion to withdraw. *See Carr*, 740 F.2d at 345 (finding that a motion to withdraw was not promptly filed following a 22-day delay because "[t]he purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he a made a bad choice in pleading guilty."); *United States v. Ard*, 298 F. App'x. 337, 339–40 (5th Cir. 2008) (per curiam) (finding that a 19-day delay weighed against granting a motion to withdraw).

### D. Inconvenience and Waste of Judicial Resources

The fourth and seventh factors, whether the withdrawal would substantially inconvenience the court and waste judicial resources, also weigh against the Defendant. The Court would be required to conduct another trial that would likely last about four days, the length of his co-defendant's trial. (*See* Docs. 228, 236). And the Court would be required to prioritize this trial over other pending civil cases. *See Carr*, 740 F.2d at 345 (5th Cir. 1984) (concluding that allowing a defendant to withdraw his guilty plea and rescheduling a two to three week trial would inconvenience the Court because it would have to give the case priority over pending civil actions). The trial, however, would likely be less than a week long, and therefore this factor only slightly weighs against Defendant.

5

E.  **Close Assistance of Counsel**

The fifth factor, whether close assistance of counsel was available, weighs against the Defendant. Determining whether a defendant "received close assistance of counsel "requires a fact-intensive inquiry."" *United States v. Urias-Marrufo*, 744 F.3d 361, 365 (5th Cir. 2014) (quoting *United States v. McKnight*, 570 F.3d 641, 646 (5th Cir. 2009). Close assistance of counsel and ineffective assistance of counsel are distinct inquiries. *Urias-Marrufo*, 744 F.3d at 366. Indeed, "[c]ounsel's assistance may be close without being effective." *Id.* In *United States v. Morris*, for example, the Fifth Circuit rejected, without an evidentiary hearing, the defendant's assertion that he did not receive close assistance of counsel because at the plea hearing the defendant testified "that he was satisfied with his counsel's representation and that his counsel had discussed his entire case with him." 85 F. App'x 373, 374 (5th Cir. 2003).

Here, like *Morris*, the Defendant testified under oath at the plea hearing that he had "enough time to meet with [his attorney] to discuss the facts of [his] case and explore any defenses that might be available" and that he was "satisfied with the advice and services" of his attorney. (Doc. 281 at 30:20–31:2). And "solemn declarations in open court carry a strong presumption of verity." *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001). The record also reflects that the Defendant's attorney filed a motion to suppress, (Doc. 106), a supplemental motion to suppress, (Doc. 171), and negotiated a plea agreement reserving the Defendant's right

to appeal the denial of his motion to suppress. (Doc. 221 at p. 11). The Court therefore concludes that Defendant received close assistance of counsel.

### F. Knowing and Voluntary Plea

Defendant's principal claim is aimed at the sixth factor, whether the plea was knowing and voluntary. Like the other factors, this one weighs against the Defendant. Whether a plea is knowing turns on whether the defendant understood the consequences of his plea; whether it was voluntary depends on whether the plea was induced by threats or improper promises. *See United States v. Hernandez*, 234 F.3d 252, 254 n.3 (5th Cir. 2000). Against this backdrop, Defendant argues that his plea was not knowing and voluntary for five reasons. (Doc. 277-1 at p. 5).

*First*, the Defendant argues that his plea was not knowing and voluntary because his attorney promised him that he would receive time served. (Doc. 277 at p. 5). But in Plaintiff's own letter to the Court, he does not even claim that his attorney promised him that he would receive time served. Instead, he claims that she told him he would *likely* receive time served. (Doc. 275-3). And at the plea hearing, the Defendant also testified that no one promised him anything to cause him to plead guilty and that no one told him the actual sentence the Court would impose. (Doc. 281 at 30:5–19). As the Court already noted, "solemn declarations in open court carry a strong presumption of verity." *Lampazianie*, 251 F.3d at 524. With this in mind, the Fifth Circuit has similarly rejected, without an evidentiary hearing, a defendant's claim that his plea was involuntary because his attorney pressured him to agree to a plea agreement when the defendant testified at the plea hearing that

7

his plea was made freely and voluntarily and that no one tried to force him to plead guilty. *See Harrison*, 777 F.3d at 236.

Still, even if Defendant's contentions are true—and his attorney promised him time served—he would still not be entitled to withdraw his plea. The Fifth Circuit has held that when an attorney incorrectly advises a client about his potential sentence, a defendant's plea is still knowing and voluntary when he is advised of the "minimum and maximum potential sentences and understood the elements of the offense as charged[.]" *United States v. Rosales*, 281 F. App'x 424, 425 (5th Cir. 2008); *see also United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990) (internal quotations and citations omitted). Here, the Court advised the Defendant of the minimum and maximum potential sentences and the elements of the charged offenses during the arraignment hearing. (Doc. 281 at 9-20:19).

*Second*, Defendant contends that his attorney failed to properly advise him of the applicable law as to the illegal search and seizure. (Doc. 277-1 at p. 5). At the plea hearing, however, the Defendant testified that he had "enough time to meet with [his attorney] to discuss the facts of [his] case and explore any defenses that might be available" and that he was "satisfied with the advice and services" of his attorney. (Doc. 281 at 30:20–31:2). And the real issue for the Defendant is not whether his attorney properly advised him about the law; rather, it is that the Defendant disagrees with the Court's suppression rulings. In Defendant's letter to the Court, he complains that the evidence against him should have been dismissed under the

8

Fourth Amendment, and that therefore his attorney somehow misled him into pleading guilty. (Doc. 275-3).

Although Defendant may disagree with the Court's suppression ruling, in which it allowed the Government to introduce all of the evidence obtained during the traffic stop, except for one of Defendant's bags, (Doc. 185 at p. 15), he cannot relitigate these issues even if he is allowed to withdraw his guilty plea. Therefore the Defendant's complaint about the Court's suppression ruling is irrelevant to his motion to withdraw his guilty plea.

*Third*, Defendant argues that he should be allowed to withdraw his plea because his attorney instructed him how to answer the Court's questions during the plea hearing. (Doc. 277-1 at p. 5). The Defendant does not develop this argument beyond a single-sentence, but the Court presumes that Defendant means that his plea was not voluntary because his attorney directed him how to answer the Court's questions during the plea hearing, and thus his responses were not truthful. The Defendant, however, swore to tell the truth, testified that he was pleading guilty voluntarily and of his own free will, and that he was pleading guilty because he was "in fact, guilty of the crimes charged[.]" (Doc. 281 at 29:25–30:4).

*Fourth*, Defendant argues that his attorney refused to go to trial because he is indigent. Counsel for the Defendant, however, has tried cases as a court appointed attorney for indigent defendants in this district before. This claim is also undercut by Defendant's testimony at the plea hearing that he was satisfied with counsel's representation. *See Harrison*, 777 F.3d at 236 (rejecting, without an evidentiary

hearing, a Defendant's claim that his plea was involuntary because his allegations were belied by the plea hearing).

*Fifth*, Defendant argues that the Court should allow him to withdraw his guilty plea because he and his attorney did not receive the dashcam footage of the traffic stop until after he pleaded guilty. (Doc. 277 at p. 1). It is unclear whether Defendant believes that this is the fault of the Government or his attorney. In any event, the Court need not dwell on this issue because the dashcam footage of the traffic stop was introduced at the suppression hearing—in open court and in the presence of the Defendant—over a year before Defendant pleaded guilty. (Doc. 124 at p. 20; 220). The Court therefore finds that the Defendant has not established that his plea was made not made knowingly or voluntarily.

Admittedly, the Government urges the Court to hold an evidentiary hearing on Defendant's motion to withdraw because Defendant has made allegations that, if true, might permit him to withdraw his plea. (Doc. 280 at p. 5). But as the Court has already explained, it need not take Defendant at his word when his solemn declarations under oath contradict his arguments. *See Harrison*, 777 F.3d at 236. Further still, many of the Defendant's contentions are entirely conclusory and unsupported by the record. *See United States v. Felice*, 272 F. App'x 393, 395 (5th Cir. 2008) (concluding that a court need not accept allegations in a motion to withdraw a guilty plea as true when the allegations are conclusory and find no support in the record). The Court therefore finds that Defendant has not shown that his guilty plea was not knowing and voluntary.

IV. **CONCLUSION**

Considering the totality of the circumstances and the *Carr* factors, the Court concludes that the Defendant has not made a sufficient showing to even receive an evidentiary hearing on his motion to withdraw his guilty plea.

Accordingly,

**IT IS ORDERED** that the **Motion to Withdraw Guilty Plea (Doc. 277)** is **DENIED**.

**IT IS FURTHER ORDERED** that the **Motion for Marci Blaize to Withdraw (Doc. 272) is GRANTED**.

**IT IS FURTHER ORDERED** that Harry Daniels III, whom the Court previously appointed for the limited purpose of representing the Defendant in withdrawing his guilty plea (Doc. 264), is appointed to represent the Defendant at sentencing.

**IT IS FURTHER ORDERED** that the **Motion for Extension of Time to File Sentencing Memorandum (Doc. 286) is GRANTED**.

**IT IS FURTHER ORDERED** that the deadline for the Defendant and the United States to file a sentencing memorandum is extended until June 25, 2018.

Baton Rouge, Louisiana, this 18th day of June, 2018.

**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

11